Filed 4/25/13  P. v. Kendrick CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DONALD RAY KENDRICK,<br><br>    Defendant and Appellant. | G046094<br><br>(Super. Ct. No. 10NF0575)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Donald Ray Kendrick of 14 counts of second degree robbery arising out of six bank robberies. (Pen. Code, §§ 211, 212.5, subd. (c); all further statutory references are to this code.) The trial court thereafter found true allegations defendant had three serious felony priors (§ 667, subd. (a)(1)) that also served as strike priors (§ 667, subds. (d), (e)(2)(A)), and five prison priors (§ 667.5, subd. (b)). It struck the prison priors for sentencing purposes only, denied defendant's motion to strike the other priors, and sentenced defendant to 165 years to life, consisting of consecutive terms of 25 years to life on counts 1, 3, 5, 7, 10, and 13, plus additional five year terms for each of the three prior serious felonies.

Defendant contends the court erred in failing to sua sponte instruct the jury on the defense of necessity and abused its discretion in denying his motion to strike the prior serious felony convictions. Finding no error, we affirm the judgment.

FACTS

At trial, defendant admitted robbing the banks but claimed he did so because the Aryan Brotherhood gang, with whom he associated while serving his first prison term, had threatened his life and that of his eldest daughter. Defendant had previously committed 10 robberies for the gang, was convicted of two of them, and was sent to federal prison where he continued to associate with the Aryan Brotherhood. While in prison, the gang asked defendant to have his family smuggle drugs into the prison and when he refused, the gang had someone stab him. About the same time, defendant's son disappeared; defendant believed his son was murdered by the gang.

Defendant was released in 1992 and resided in Oregon. The Aryan Brotherhood found him and again forced him to rob banks for them. He was again convicted of robbery and sent to a prison where there were no members of the Aryan Brotherhood. He was released in 2006.

2

In 2009, defendant was living in a sober living home when his roommate introduced him to two men with the Aryan Brotherhood at a Narcotics Anonymous meeting. They told him they knew who he was, his ability to rob banks, and where his children lived. Because they threatened to kill him and his eldest daughter if he did not rob banks for the Brotherhood, he complied, using a toy gun. After the robberies, he gave the money to his roommate, the getaway driver, who in turn gave it to the gang.

A defense expert on the Aryan Brotherhood testified a person cannot refuse a gang's request to commit a crime without risking their life or the lives of family members. On rebuttal, a prosecution expert testified the Aryan Brotherhood would not force a non-member to commit a crime for it and that a member or associate would not only commit financial crimes for the gang but would commit both violent and non-violent crimes.

DISCUSSION

1. *Failure to Instruct on Necessity*

Defendant contends the court prejudicially erred in failing to instruct the jury sua sponte on the defense of necessity. The Attorney General responds defendant invited any error. We agree.

"'When a defense attorney makes a "conscious, deliberate tactical choice" to . . . forego a particular instruction, the invited error doctrine bars an argument on appeal that the instruction was . . . omitted in error.'" (*People v. McKinnon* (2011) 52 Cal.4th 610, 675.) Here, during a break in defense counsel's closing argument, the court asked the parties if it had a sua sponte duty to instruct the jury on the defense of necessity. The prosecutor noted that because the burden of proving the necessity defense is on defendant, "if the defense chose tactically to object based on the entire burden of proof remaining with me, that would moot the issue right now." Defense counsel later

3

informed the court that "for tactical reasons, we're not requesting" the necessity instruction. The court had "the minute order reflect [it] . . . brought to the defendant's attention the application of [CALCRIM No.] 3403. The defense objects to the giving of that for tactical reasons." Because the record demonstrates counsel forsook the necessity instruction for tactical reasons, any error in not giving the instruction was invited.

Defendant argues the invited error doctrine does not apply because it pertains only to instructions on lesser included offenses, which the necessity defense is not. But he identifies no authority concluding the doctrine is inapplicable to a defendant's decision to forego instructions on a defense. Although the cases he cites involve a lesser included offenses (see *People v. Barton* (1995) 12 Cal.4th 186, 198; *People v. Duncan* (1991) 53 Cal.3d 955, 969), they do not hold the doctrine may be invoked only in such cases.

To the contrary, the doctrine "is designed to prevent an accused from gaining a reversal on appeal because of an error made by the trial court at his behest. If defense counsel intentionally caused the trial court to err, the appellant cannot be heard to complain on appeal." (*People v. Wickersham* (1982) 32 Cal.3d 307, 330, disapproved on other grounds in *People v. Barton*, *supra*, 12 Cal.4th at p. 201.) Thus, courts have found invited error in the excusal of a juror (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49), the requesting of an instruction (*People v. Wader* (1993) 5 Cal.4th 610, 657-658), and the omission of a definition (*People v. Catlin* (2001) 26 Cal.4th 81, 150).

Notably, unlike "'[t]he sua sponte duty to instruct on lesser included offenses, [which] . . . arises even against the defendant's wishes, and regardless of the trial theories or tactics the defendant has actually pursued[]'" (*People v. Beames* (2007) 40 Cal.4th 907, 926), the court's duty to instruct, sua sponte, on particular defenses "is more limited, arising 'only if it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case'" (*People v. Barton*, *supra*, 12

4

Cal.4th at p. 195).  If a defendant may invite error by tactically declining instruction on a lesser included offense, there is no reason why the doctrine should not also apply to the more limited sua sponte duty to instruct on a defense where defendant makes a tactical decision to forego instruction on a defense.

*2.  Denial of Motion to Strike Priors*

Defendant argues the court abused its discretion in denying his motion to strike his prior felony convictions.  We are unpersuaded.

Section 1385, subdivision (a) authorizes a trial court to strike prior felony conviction allegations "in furtherance of justice" in cases brought under the "Three Strikes" law.  (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530.)  In determining whether or not to do so, the trial court "must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) We review the court's ruling for abuse of discretion, which does not occur unless "its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Defendant's abuse of discretion contention is based on his testimony "he was trying to reclaim his life, but was prevented from doing so [b]y the Aryan Brotherhood's threats of killing his daughter if he did not commit the present crimes." He claims he is a nonviolent drug addict who, in order to protect himself as a young man in prison, mistakenly associated with the Aryan Brotherhood, which "tried killing him in prison, likely murdered his only son, and threatened to kill his eldest daughter if he did not commit the bank robberies giving rise to the present convictions."

But the court already considered such evidence, having read defendant's lengthy *Romero* motion and hearing defense counsel's arguments on it. Defendant is essentially asking this court to reweigh the evidence and substitute our judgment for that of the trial court. This we will not do. "'[W]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.'" (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378.) The record in this case affirmatively shows the court understood its discretionary authority and weighed all of the competing facts to reach a reasoned and reasonable conclusion. After evaluating the entirety of that information, the court determined it could not conclude defendant was outside of the spirit of the Three Strikes law and declined to exercise its discretion to strike the priors. Defendant has not shown it abused its discretion in doing so.

## DISPOSITION

The judgment is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

BEDSWORTH, J.

IKOLA, J.

6